IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   19-cv-00027-PAB

Cheryl-Lee Ellen Berreth and Darrell Lynn Berreth,
Plaintiffs;

v.

Patrick M. Frazee,
Defendant

_____

MOTION TO STAY DISCOVERY
_____

DEFENDANT, through his undersigned counsel, moves this Court for an order staying case proceedings and discovery.

The first basis of the defendant's request is that Defendant is charged with first degree murder in Teller County, Colorado case number 2018CR330.  The first degree murder charges stem from the same set of facts that are the basis of the plaintiffs' claim of intentional infliction of emotional distress.  The second basis of the defendant's request is that Defendant has filed Motion to Dismiss (Doc. # 14) asserting failure to state a claim.  For the reasons that follow, the defendant moves for an order staying discovery, and hence the case, pending resolution of the criminal case and dispositive motion.

*Certification of Conferral*    Defendants certify that pursuant to D.C.COLO.LCivR 7.1(A) undersigned counsel communicated the grounds for this motion and the relief requested with counsel for the plaintiff.  Plaintiff is only willing to delay the taking of Defendant's

deposition until the conclusion of the criminal matter. Therefore, Plaintiff opposes the motion and requested relief.

**INTRODUCTION**

This is a tort case of intentional infliction of emotional distress. The Berreths bring a single claim for intentional infliction of emotional distress against the defendant.

The lawsuit arises out of the disappearance of the Berreth's daughter, Kelsey, in November of 2018. Kelsey and the defendant had a young daughter together but did not reside together. After a month of investigation the Teller County Sheriff arrested the defendant for the first degree murder of Kelsey. The plaintiffs' claim concerns statements that the defendant made to Cheryl Berreth and others during the month in which the police were investigating Kelsey's disappearance.

The defendant was charged with the murder of Kelsey Berreth on December 21, 2018, in Teller County, Colorado case number 2018CR330. On February 19, 2019, a preliminary hearing was held at which time the trial court found probable cause. The case is currently set for arraignment on April 5, 2019.

On February 15, 2019, the plaintiffs filed an Amended Complaint leaving a single claim against the defendant of intentional infliction of emotional distress. The allegations of that claim are that after the disappearance of Kelsey the defendant made **statements** to Cheryl Berreth and other third parties about the possible whereabouts of Kelsey and status of their relationship. All of the statements allegedly made by the defendant are now known to the Berreths to be falsehoods in light of the fact that he has been charged with the murder of Kelsey. On March 1,

2019, the defendant filed a motion to dismiss this claim as it is a claim of wrongful death. The Berreths do not have the authority to bring a wrongful death suit against the defendant under Colorado law because Kelsey has a lineal heir. Further, that lineal heir has filed a wrongful death lawsuit against the defendant in Colorado state court and pursuant to Colorado law there can only be a single lawsuit for one decedent. The wrongful death issues aside, the facts used to support the claim of intentional infliction of emotional distress are insufficient to support such a claim.

### STAY OF DISCOVERY WHEN THERE IS A PARALLEL CRIMINAL PROCEEDING

The Court has authority to stay civil proceedings "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), *quoted in McCormick v. Rexroth, No. C 09-4188, 2010 WL 934242, *1 (N.D. Cal. Mar. 15, 2010)*. When faced with parallel criminal proceedings, the analysis should be undertaken "in light of the particular circumstances and competing interests involved in the case" and after consideration of the "extent to which the defendant's fifth amendment rights are implicated." *Id.* Additional factors to be considered, *i.e.*, the "*Keating*" factors, include:

(1) the interest of the Plaintiff in proceeding and the potential prejudice of delay;
(2) the burden which the proceeding may place on Defendants;
(3) the convenience of the Court in the management of its cases, and the efficient use of judicial resources;
(4) the interests of third-parties to the civil action; and
(5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324-25

The *Keating* factors, while from a 9th Circuit case have been cited by the 10th Circuit in evaluating the denial of a motion to stay by the district court.

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir.1995); SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C.Cir.1980). When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. Keating, 45 F.3d at 324. However, " [a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Id. at 326. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.

*Creative Consumer Concepts v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009)

In the *Kreisler* case the court determined that the request to stay discovery was made too late to be effective. The request had been made after Ms. Kreisler had already been deposed and waived her 5th Amendment right to remain silent.

Here, the actions that the plaintiffs claim constitute the intentional infliction of emotional distress are all **statements** allegedly made by the defendant in connection to Kelsey's disappearance. The allegations relate directly to the criminal charges of first degree murder.

There will be no prejudice to the plaintiff should the civil matter be delayed. In fact, the plaintiff cannot prove their faulty claim without the cooperation of the police agencies involved in the murder case which cooperation is unlikely during the pendency of the criminal case. Also, the defendant is unable at this time, should his motion to dismiss be denied, to engage in the discovery process including answers to interrogatories and requests for production due to the pending criminal matter.

**STAY PENDING A MOTION TO DISMISS**

It is in the interest of judicial economy to grant a stay pending a motion to dismiss. As

noted, the 10th Circuit has promulgated factors similar to the *Keating* factors in evaluating a request to stay proceedings in light of the invocation of 5th Amendment rights. Similar factors have been used in this district when a stay has been requested pending a motion to dismiss. *See String Cheese Incident, LLC v. Stylus Shows, Inc.* 05-cv-01934-LTB-PAC. (D. Colo. Mar. 30, 2006).

> In order to evaluate Shaver and Haver's motion for stay I may weigh the following interests: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; (5) the public interest. *FDIC v. Renda*, No. 85-2216-O, 1987 WL348635, at 2 (D.Kan 1987)

*String Cheese*, at 4.

As discussed above, the plaintiffs are likely not prejudiced by the delay in light of the pending criminal proceeding and their need for cooperation by police agencies, which is more likely at the conclusion of the criminal case. The motion to dismiss is likely to be decided well before the criminal action is concluded. There is a burden on the defendants to engage in discovery while their motion to dismiss is pending. It will be more convenient to the court to determine the motion to dismiss prior to scheduling trial and setting discovery cut offs since that process has not yet begun. As cited above, in all likelihood the prosecuting agencies will be more amenable to cooperation upon the conclusion of the criminal matter. There is not evidence of public interest in the outcome of this case.

> *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2

(D.D.C. 2001): "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (internal citations omitted).  As well, the imposition of a stay "further the ends of economy and efficiency, since if [the motions are] granted, there will be no need for discovery," as the entire case will have resolved.  *See Chavous*, 201 F.R.D. at 5.  (A stay is appropriate pending the resolution of a dispositive motion.  *Ellis v. J.R.'s County Stores, Inc.*, 12-cv-01916-CMA-KLM, (D. Colo., Dec. 11, 2012)).

**PROCEDURAL STATUS**

Pursuant to the Order Setting Scheduling/Planning Conference (Doc. 17), a Scheduling Conference is set in this case for March 11, 2019, commencing at 1:30 p.m.  At that time, and before, a proposed scheduling order concerning discovery and other case deadlines must be produced by the parties.  Defendants should not be subjected to the demands of discovery in this case until the Court rules on the dispositive motion.  Should the Court grant the Motions to Dismiss, plaintiffs' claim would be dismissed and the case resolved.

**COURT'S POWER TO STAY DISCOVERY**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. . Federal Rule of Civil Procedure 26 does, however, provide that a, "party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c)(1).

A court has broad discretion to stay proceedings incidental to its power to control its own docket. *See, Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

**CONCLUSION**

Defendant is has invoked his right to remain silent pursuant to the 5th Amendment in light of the criminal charges pending against him in connection to the disappearance of Kelsey Berreth. Further, he has filed a motion to dismiss the claim made against him in this proceeding.

Therefore court should stay discovery (and other proceedings, if any) until the disposition of the pending motion to dismiss and/or the conclusion of Teller County case number 2018CR330.

WHEREFORE, defendant Frazee prays that the court enter its Order staying discovery until the court's ruling on their motions to dismiss and the conclusion of his criminal case.

Respectfully submitted March 7, 2019.

*/s/ Jennifer W. Stock*
Jennifer W. Stock
Farry & Stock, P.C.
411 South Tejon Street, Suite B
Colorado Springs, Colorado 80903
Telephone: 719-578-2000
Facsimile: 719-578-1794
Email: efarry@farry.net
*Attorney for Defendants*

CERTIFICATE OF SERVICE

       I hereby certify that on March 7, 2019 I electronically filed a true and exact copy of the above and foregoing Motion to Stay Discovery with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Perry R. Sander, Jr.
Angela C. Jones
Sanders Law Firm
31 N. Tejon St., Suite 400
Colorado Springs, CO 80903
Attorneys for the Plaintiffs

                                              */s/Jennifer W. Stock*
                                              Jennifer W. Stock