IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–00027–PAB–KMT

CHERYL-LEE ELLEN BERRETH, and
DARRELL LYNN BERRETH,

    Plaintiffs,

v.

PATRICK M. FRAZEE,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendant's "Motion to Stay Discovery." (Doc. No. 18, filed March 7, 2019.) Plaintiffs did not file a response and apparently take no position on the Motion. (*See* Doc. No. 21.)

In this action, Plaintiffs assert a claim for Intentional Infliction of Emotional Distress based on "the extreme and outrageous conduct of Frazee occurring approximately on and/or between the dates of November 22, 2018, and December 23, 2018" and related to the death of their daughter, Kelsey Berreth. (*See* Doc. No. 10, Am. Compl.)

Defendant seeks a stay of discovery in this matter because (1) Defendant is charged with the first degree murder of Kelsey Berreth in Teller County, Colorado, and the first degree murder charges stem from the same set of facts that are the basis of the plaintiffs' claim in this matter;

and (2) Defendant has filed a Motion to Dismiss (Doc. No. 14) asserting failure to state a claim. (Doc. No. 18.)

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted); *see also Ben Ezra Weinstein & Co., Inc. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity") (citations and internal quotations omitted). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated . . . . A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (citations omitted). "A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* at 1080–81.

In *Creative Consumer Concepts*, the Tenth Circuit upheld a district court's denial of a motion to stay civil proceedings pending a "parallel" criminal matter, finding "there was limited overlap between the issues and evidence in the civil and criminal trials" (*id.* at 1081 ["In fact, the court limited the scope of the bench trial so much, it is better considered 'simultaneous' than 'parallel' to the criminal case."]), and the plaintiff failed to demonstrate unfair prejudice from the denial of a stay (*id.* ["(Plaintiff) waived her Fifth Amendment privilege with respect to the

questions she answered during her deposition," which occurred before she filed her motion to stay]).

Typically, courts consider the following factors "[w]hen exercising [their] discretion to stay a case in light of pending criminal matters":

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the [criminal] case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Auto–Owners Ins. Co. v. Next Generation Energy, LLC*, No. 14–cv–01580–REB–KLM, 2014 WL 7251678 at *2 (D. Colo. Dec. 19, 2014) (quoting *In re CFS–Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236–37 (N.D. Okla. 2003)); *see also Brancato v. Panio*, No. 12–cv–02338–MSK–MEH, 2012 WL 6137472, at *2–*3 (D. Colo. Dec. 7, 2012) (weighing the same factors as set forth in *U.S. S.E.C. v. Trujillo*, No. 09–cv–00403–MSK–KMT, 2010 WL 2232388, at *2 (D. Colo. Jun. 1, 2010)).

The extent of overlap is the "most important factor in ruling on a motion to stay." *SEC v. Nicholas,* 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (citing Pollack, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. at 203). Plaintiffs do not dispute that the facts of this case overlap with the criminal case. The court finds that the criminal charge against Defendant overlaps with those alleged in this action, and the first factor weighs in favor of a stay.

Regarding the second factor, it is not disputed that the State of Colorado has filed a criminal complaint against Defendant. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has

issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Helen and Thomas Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Indeed, the fact that an indictment has been returned against Defendant is critical because it dictates both the degree of risk of self-incrimination and the length of potential delay to the civil case.

> The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.

*SEC v. Dresser Industries Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). Accordingly, the court finds that this factor also weighs heavily in favor of a stay of discovery.

As to the third and fourth factors, any prejudice to Plaintiffs is outweighed by the potential prejudice Defendant would suffer if this action were to proceed, notwithstanding the pending criminal case.

The fifth factor does not weigh strongly either for or against a stay. On the one hand, "[t]he Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay." *In re CFS-Related Securities Fraud Litigation*, 256 F.Supp.2d 1227, 1241 (N.D. Okla. 2003). On the other hand, resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) "may reduce the scope of discovery in the civil case [as] the evidence gathered during the criminal prosecution can later be used in the civil action." *Transworld*, 886 F.Supp. at 1140. Moreover, as for the fifth and sixth factors, the court looks to Fed. R. Civ. P. 1, which requires that the federal rules of civil procedure, including Rule 26(c),

4

"be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." While a stay of this action will result in a delay of the proceedings and, thus, contravene any "speedy" administration of the case, the court must also ensure a "just" determination of the action. In this respect, the court finds Defendant's interests in avoiding exposure of his criminal defense strategy to Plaintiffs outweighs the Plaintiff's interest in proceeding in this matter with all due speed. Thus, these factors weigh slightly in favor of imposing a stay.

Consideration of all six factors reveals that they weigh in favor of imposing a stay of the civil proceedings of this matter against Defendant pending resolution of his criminal case

Therefore, for the foregoing reasons, it is

**ORDERED** that Defendant's "Motion to Stay Discovery" (Doc. No. 18) is **GRANTED.** This case is **STAYED** pending the conclusion of the criminal proceedings against Defendant. This stay shall not affect the District Court's ability to rule on Defendant's motion to dismiss at its discretion.

Dated this 1st day of April, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge